IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT E. STALLINGS,

        **Plaintiff,**

v.

HOFFMAN, CAPTAIN,

        **Defendant.**

1:14-cv-806-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [5], and on Plaintiff Robert E. Stallings's Motion to Intervene [7].

## I.    BACKGROUND[1]

Plaintiff Robert E. Stallings ("Plaintiff") is confined at the Charles B. Webster Detention Center in Augusta, Georgia ("the Jail"). On March 19, 2014, Plaintiff, proceeding *pro se*, filed an action under 42 U.S.C. § 1983, against the captain at the Jail ("Defendant"). Plaintiff contends that he is being denied

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

sufficient access to the Jail's law library. Plaintiff seeks an injunction ordering Defendant to provide Plaintiff more access to the law library, to research issues regarding his pending criminal case.

On March 21, 2014, the Magistrate Judge issued her R&R, recommending that this action be transferred to the U.S. District Court for the Southern District of Georgia, Augusta Division, because the action was filed in the wrong venue. On May 5, 2014, Plaintiff filed his Motion to Intervene, in which he (i) confirms to the Court that he has filed no objections to the R&R, (ii) requests that his public defender be removed from his case, and (iii) asks the Court for legal advice on how to name his public defender in his civil rights action, and on how to transfer his action to the proper venue. Plaintiff did not object to the R&R.

**II. DISCUSSION**

　　a. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

2

which objection is made." 28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Plaintiff did not object to the findings and recommendations in the R&R, and the Court reviews them for plain error.

   b. Analysis

The Magistrate Judge determined that Plaintiff's Complaint relates only to his confinement in Richmond County, Georgia, and that Richmond County is within the jurisdiction of the U.S. District Court for the Southern District of Georgia.  The Magistrate Judge recommended that this action be transferred to the U.S. District Court for the Southern District of Georgia, Augusta Division, and the Court finds no plain error in this recommendation.  See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); Hemispherx

Biopharma, Inc. v. MidSouth Capital, Inc., 669 F.Supp.2d 1353, 1359 (S.D. Fla. 2009) ("The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it.")

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [5] is **ADOPTED**, and this action is **TRANSFERRED** to the U.S. District Court for the Southern District of Georgia, Augusta Division, for further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff Robert E. Stallings's Motion to Intervene [7] is **DENIED AS MOOT**.

**SO ORDERED** this 12th day of May, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE